■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CRUZ, Appellant. [847 NYS2d 188]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered October 18, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third

degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 4¹/₂ to 9 years, unanimously affirmed.

During jury selection, a prospective juror revealed that, due to a hearing impairment, he had been having some difficulty hearing everything that the court had been saying. When defendant challenged this panelist for cause, the court conducted a careful inquiry, in which it ascertained that the juror, who used a hearing aid, had generally heard the voir dire proceedings. After defendant declined the court's offer of an opportunity to question the panelist further, the court properly concluded that the panelist would be qualified to serve as a juror if reasonable accommodations were made, such as having him sit in the front row of the jury box (*see People v Guzman*, 76 NY2d 1 [1990]), and it denied the challenge for cause. On appeal, defendant's principal argument is that, regardless of his prospective ability to serve, the panelist should have been disqualified on the ground that he had already missed some of the preliminary instructions and voir dire questions. However, at trial, defendant never articulated this aspect of his argument. Even if defendant could be viewed as having raised this issue before the court's inquiry, we find that he abandoned it after the inquiry. We decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find the record supports the court's conclusion that the juror did not miss anything significant. Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.